State v. Vance

―――――

STATE OF NORTH CAROLINA v. FRED ADAIR VANCE, JR.

No. 748SC945

(Filed 5 March 1975)

1. **Searches and Seizures § 3— validity of warrant — heroin brought to premises after warrant issued**

     Fact that an affidavit for a warrant to search for heroin was executed at 7:45 p.m. and defendant brought heroin to the premises at 9:30 p.m. did not subject the warrant to quashal on the ground the affiant misrepresented to the magistrate that heroin was on the premises since there may have been other heroin on the premises when the affidavit was executed and there is no indication that the affiant had knowledge of the falsity of any information furnished by his informant.

2. **Criminal Law § 106; Narcotics § 4— conflicting evidence — credibility of State's case**

     In a prosecution for possession of heroin, the credibility of the case was not destroyed as a matter of law by conflicts in the State's evidence relating to whether the heroin offered in evidence was seized before defendant was arrested or after he was placed in jail.

APPEAL by defendant from *Copeland, Judge.* Judgment entered 2 August 1974 in Superior Court, WAYNE County. Heard in the Court of Appeals 23 January 1975.

Defendant was charged in a bill of indictment with felonious possession of a controlled substance, heroin.

The State presented evidence that on the evening of 30 July 1973 law enforcement officers, pursuant to a search warrant, searched a residence located at 410 East Walnut Street in the City of Goldsboro. Defendant was one of nine people in the house at the time of the search. All were placed under arrest as a result of what the search disclosed. Several of them testified as witnesses for the State in the trial of this case. Seven bindles of heroin were found lodged behind the radiator in the den. When the officers announced their arrival, defendant ran into the den for a moment and then returned to the living room. Defendant then commented to one of the residents of the house that he no longer had anything on him because he had "got rid of the stuff." In a conversation at the jail with other of the State's witnesses, defendant confided that he had placed seven quarters of "smack" or "skag" behind the radiator and asked them to return to the house to see if it was still there.

The jury found defendant guilty as charged and judgment was entered imposing a prison sentence of five years.

*Attorney General Edmisten by Assistant Attorney General Walter E. Ricks III for the State.*

*Herbert B. Hulse and George F. Taylor for defendant appellant.*

VAUGHN, Judge.

[1] Defendant moved to quash the search warrant and suppress the evidence obtained as a result of the search made under authority of the warrant. He does not argue that the affidavit and warrant are facially insufficient. He argues that the affiant misrepresented the fact to the magistrate, and that a sufficient warrant on its face may be rendered invalid by misrepresentations made in the affidavit. *U. S. v. Thomas,* 489 F. 2d 664 (5th Cir., 1973). The affidavit was executed at 7:45 p.m. and stated that there was reasonable cause to believe that heroin was then on the premises. Defendant did not enter the subject premises until 9:30 p.m. and immediately thereafter the officers executed

the search. Defendant appears to argue that the foregoing sequence indicates that the affiant did not have information that the drugs were present at the time of the execution of the affidavit and that the affiant had no intention of searching the premises until defendant arrived, presumably with the drugs. Evidence that defendant brought heroin to the premises about 9:30 p.m. does not compel the conclusion that there was not other heroin on the premises at 7:30 p.m. or that the seized heroin was not that brought in by defendant. Moreover, even if the informant's statement to the affiant was false, there is no indication that the affiant had knowledge of the falsity or acted without good faith in the truthfulness of the informer.

[2] Defendant contends that because of conflicts in the State's evidence relating to whether the heroin offered in evidence was seized before defendant was arrested or after defendant was placed in jail, the credibility of the State's case was destroyed, the evidence was unworthy of consideration as a matter of law and the case should have been dismissed. On a motion to dismiss, the State's evidence is, of course, considered in the light most favorable to the State. It is for the jury to resolve the conflicts in the evidence. When considered in this light the evidence is sufficient to go to the jury. This is not a case where the State's evidence is inherently incredible because of undisputed facts. See State v. Miller, 270 N.C. 726, 154 S.E. 2d 902.

Without objection by defendant, one of the officers testified that he found syringes and needles in the den, the room where the seven bindles of heroin were discovered. Later, when the State offered these syringes and needles in evidence, defendant objected. Defendant's assignments of error based on the admission of those items in evidence are overruled.

Defendant's able counsel has brought forward other assignments of error. All have been carefully considered and are overruled.

We find no prejudicial error.

No error.

Judges MARTIN and ARNOLD concur.